**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| CHEDRICK STORKS,<br>Plaintiff,<br><br>v.<br><br>ADVANTAGE STAFFING, LLC;<br>AMERICAN RIVER TRANSPORTATION CO.;<br>ARCHER DANIELS MIDLAND COMPANY;<br>ST. JAMES STEVEDORING<br>COMPANY, LLC; and ST. JAMES<br>STEVEDORING PARTNERS, LLC<br>*Defendants.* | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* | <br><br>CIVIL CASE NO______<br><br><br>SECTION "___"<br><br><br><br><br>DIVISION "___"<br> |

*************************************************************

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Chedrick Storks complains of Defendants Advantage Staffing, LLC, American River Transportation Co., Archer Daniels Midland Company, St. James Stevedoring Company, L.L.C., and St. James Stevedoring Partners, LLC would respectfully show unto the Court the following:

**I.**

**JURISDICTION AND VENUE**

1. This claim is maintained under the Jones Act (46 U.S.C. § 30104) and/or the general maritime law of the United States. This is an admiralty and maritime claim within the jurisdiction of the United States and this Honorable Court pursuant to 28 U.S.C. § 1333 and within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2. Venue is proper in this district because Defendants reside in this district and are subject to personal jurisdiction of this Court. 28 U.S.C. § 1391.

**II.**

**PARTIES**

3. Plaintiff Chedrick Stortz is a resident and citizen of Louisiana.

4. Defendant Advantage Staffing, LLC is a Louisiana entity with its registered office and principal business establishment in Jefferson Parish.

Defendant Advantage Staffing, LLC may be served with process through its registered agent: Twitty L. McCoy, 143 Avenue of Acadian #3, Opelousas, Louisiana 70570.

5. Defendant American River Transportation Co. is a Delaware entity with its registered office and principal business establishment in East Baton Rouge Parish. Defendant American River Transportation Co. may be served with process through its registered agent: CT Corporation System, 5615 Corporate Blvd., Suite 400B, Baton Rouge, Louisiana 70808.

6. Defendant Archer Daniels Midland Company is a Delaware entity with its registered office and principal business establishment in East Baton Rouge Parish. Defendant Archer Daniels Midland Company may be served with process through its registered agent: CT Corporation System, 5615 Corporate Blvd., Suite 400B, Baton Rouge, Louisiana 70808.

7. Defendant St. James Stevedoring Company, L.L.C. is a Louisiana entity with its registered office and principal business establishment in East Baton Rouge Parish. Defendant St. James Stevedoring Company, L.L.C. may be served with process through its registered agent: Robert J. Burvant, 201 St. Charles Avenue, 45th Floor, New Orleans, Louisiana 70170.

8. Defendant St. James Stevedoring Partners, LLC is a Louisiana entity with its registered office and principal business establishment in East Baton Rouge Parish. Defendant St. James Stevedoring Partners, LLC may be served with process through its registered agent: Robert J. Burvant, 201 St. Charles Avenue, 45th Floor, New Orleans, Louisiana 70170.

## III.

## CAUSES OF ACTION

9. This lawsuit is necessary as a result of personal injuries that Plaintiff received on or about November 7, 2013 while working in Reserve, Louisiana. On

this date, Plaintiff was employed by Defendant Advantage Staffing as a Jones Act seaman and was assigned to a fleet of vessels which were owned, operated and/or managed by Defendants American River Transportation Co., Archer Daniels Midland Company, St. James Stevedoring Company, L.L.C., and St. James Stevedoring Partners, LLC (collectively as "Archer Daniels Midland"). In addition to Advantage Staffing, the Archer Daniels Midland defendants may have been Plaintiff's Jones Act employer as well. While Plaintiff was contributing to and aiding such vessels to accomplish their mission, Plaintiff sustained serious injuries to his arm and other parts of his body when a piece of equipment broke causing Plaintiff to be hit in the arm. Plaintiff has already had surgery to attempt to treat his injuries and may need more in the future. The incident in question was a direct and proximate result of Defendants negligence, negligence *per se*, and gross negligence as further described herein.

10. Defendants were negligent, negligent *per se*, and grossly negligent for the following reasons:

a. Failing to adequately supervise their crew;

b. Failing to adequately train their crew;

c. Failing to adequately instruction their crew;

d. Failing to have adequate policies and procedures;

e. Failing to have adequate safety policies and procedures;

f. Failing to properly maintain their equipment;

g. Failing to properly inspect their equipment;

h. Failing to properly test their equipment;

i. Failing to use proper equipment;

j. Failing to properly operate their equipment;

k. Failing to provide adequate equipment;

l. Failing to properly analyze and account for the risks inherent with the work at hand;

n. Vicarious liability for the conduct of their employees;

o. Violating applicable Coast Guard and/or OSHA rules;

p. Other acts deemed negligent, negligent *per se*, and grossly negligent.

**IV.**

**<u>DAMAGES</u>**

11. As a result of said occurrences, Plaintiff sustained severe injuries to his body, which resulted in physical pain, mental anguish, and other medical problems. Plaintiff has sustained severe pain, physical impairment, disfigurement, discomfort, mental anguish, and distress. In all reasonable probability, Plaintiff's physical pain, physical impairment and mental anguish will continue indefinitely. Plaintiff has also suffered a loss of earnings in the past, as well as a loss of future earning capacity. Plaintiff has incurred and will incur pharmaceutical and medical expenses in connection with his injuries.

12. As an American seaman, Plaintiff is also entitled to maintenance and cure. Defendants have willfully, wantonly, arbitrarily, and capriciously failed to live up to their maintenance and cure obligations, entitling Plaintiff to an award of punitive damages and attorneys' fees. As such, Plaintiff demands that Defendant reinstate maintenance payments at a reasonable rate and pay for Plaintiff' medical treatment.

13. In addition, Plaintiff is entitled to punitive damages because the aforementioned actions of Defendant were grossly negligent. Defendant acted with flagrant and malicious disregard of Plaintiff's health and safety. Defendant's acts and omissions involved an extreme degree of risk considering the probability and magnitude of potential harm to Plaintiff and others. Defendant had actual,

subjective awareness of the risk, and consciously disregarded such risk. Accordingly, Plaintiff is entitled to and seeks exemplary damages.

14. Plaintiff has been damaged in a sum far in excess of the minimum jurisdictional limits of this Honorable Court, for which he now sues.

**V.**

**JURY DEMAND**

15. Plaintiff hereby demands a trial by jury.

**PRAYER**

Plaintiff prays that this citation issue and be served upon Defendants in a form and manner prescribed by law, requiring that Defendants appear and answer, and that upon final hearing, Plaintiff have judgment against Defendants in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post-judgment interests, all costs of Court, exemplary damages, and all such other and further relief, to which he may show himself justly entitled.

Respectfully submitted,

**ARNOLD & ITKIN LLP**

/s/ Noah Wexler

Noah M. Wexler
LA Bar Roll No. 34995
6009 Memorial Drive
Houston, Texas 77007
PH: (713) 222-3800
FAX: (713) 222-3850
***Attorneys for Plaintiff***