**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **CHEDRICK STARKS,**<br>**Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO. 14-1592** |
| **ADVANTAGE STAFFING, LLC, ET AL.**<br>**Defendants** | **SECTION: "E" (5)** |

## JURY INSTRUCTIONS

### JURY CHARGE NO. 1

MEMBERS OF THE JURY:

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard

and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for the plaintiff or the defendant in arriving at your verdict.

Plaintiff has the burden of proving his case by a preponderance of the evidence. Defendant has the burden of proving its defense by a preponderance of the evidence as well. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that Plaintiff has failed to prove any element of his claim by a preponderance of the evidence, then he may not recover on that claim.

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

In determining the weight to give to the testimony of a witness, consider whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony given at the trial. A simple mistake by a witness does not necessarily mean that the witness did not tell the truth as he or she remembers it. People may forget some things or remember other things inaccurately. If a witness made a misstatement, consider whether that misstatement was an intentional falsehood or simply an innocent mistake. The significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

Certain charts and summaries have been shown to you solely to help explain or summarize the facts disclosed by the books, records, and other documents that are in evidence. These charts and summaries are not evidence or proof of any facts. You should determine the facts from the evidence.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field is permitted to state his or her opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely on it.

A “stipulation” is an agreement. When there is no dispute about certain facts, the attorneys may agree or “stipulate” to those facts. You must accept a stipulated fact as evidence and treat that fact as having been proven here in court.

You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

**JURY CHARGE NO. 2**

**Borrowed Servant Doctrine**

A claim has been made that plaintiff was the borrowed employee of defendant, Archer Daniels Midland Company (which I will hereafter refer to as "ADM"). You must decide whether ADM was plaintiff Starks's borrowing employer, using a nine-factor test:

1. Who had control over the employee and the work he is performing, beyond mere suggestion of details or cooperation?

2. Whose work is being performed?

3. Was there an agreement, understanding, or meeting of the minds between the original and the borrowing employer?

4. Did the employee acquiesce in the new work situation?

5. Did the original employer terminate his relationship with the employee?

6. Who furnished tools and place for performance?

7. Was the new employment over a considerable length of time?

8. Who had the right to discharge the employee?

9. Who had the obligation to pay the employee?

No one factor or combination of factors is determinative. However, the law recognizes the importance of the first and third factors in the resolution of the borrowed employee question. I will now give you a more detailed description of each of the nine factors.

***First Factor – Who had Control?***

In evaluating whether the alleged borrowing employer, ADM, controlled and directed plaintiff's work, a careful distinction must be made between authoritative direction and control, and mere suggestion as to details or the necessary co-operation, where the work furnished is part of a larger undertaking. When analyzing the control factor, it is important to distinguish between simple co-operation on the one hand and subordination on the other.

***Second Factor – Whose work was being performed?***

This factor evaluates whose work was being performed by the individual worker alleged to be a borrowed employee. If plaintiff's job was only incidental to ADM's operations, then this factor is neutral. However, even if plaintiff's work was not directly related to the purpose of ADM's operations does not mean that plaintiff was not performing ADM's work.

***Third Factor – Was there an agreement between the original and the borrowing employer?***

In your evaluation of this factor, you should consider whether there was an applicable contract between ADM and Advantage Staffing, LLC establishing their working relationship. If you find that a contract existed, you may consider the language of that contract concerning the retention of control over Plaintiff by ADM. However, the reality of the worksite and the manner in which the parties carry out a contract can implicitly modify or waive an express provision in a written service contract. Therefore, you may consider the reality of the working relationship between Plaintiff and ADM to determine if any alleged contractual relationship was modified.

***Fourth Factor – Did the employee acquiesce to the new work situation?***

The issue to be resolved under the fourth factor is whether plaintiff had an opportunity to observe the conditions under which he was working and whether, after such an opportunity he chose to continue working. Stated another way, this factor evaluates whether the employee had time to assess his new work situation and was willing to accept the new work conditions.

***Fifth Factor – Did the original employer terminate his relationship with the employee?***

This factor focuses on the lending employer's relationship with the employee while the borrowing occurs. This factor does not require a lending employer to completely sever his relationship with the employee. This factor is satisfied when the borrowed employee has no contact with his lending employer and was supervised totally by the borrowing employer's personnel while on the job site.

***Sixth Factor – The Place of Performance and Tools Provided***

This factor emphasizes whether the borrowing or the lending employer furnished the employee's tools, place of performance, and other necessities, such as food, lodging, and transportation.

***Seventh Factor – The Duration of employment with Borrowing Employer***

Where the length of employment is considerable, this factor supports a finding that the employee is a borrowed employee; however, the converse is not true and the factor is not significant when the employment was not over a considerable length of time.

***Eighth Factor – Right to discharge employee***

The proper focus when considering who has the right to discharge the employee is whether the borrowing employer has the right to terminate the borrowed employee's services; the issue is not whether the borrowing employer could discharge the employee from the lending employer.

***Ninth Factor – Obligation to pay employee***

The determinative inquiry here is whether the alleged borrowing employer furnished the funds from which the original employer paid the plaintiff. Stated another way, an arrangement whereby the lending employer pays the employee and is reimbursed by the borrowing employer for the wages supports a finding of borrowed employee status.

**JURY CHARGE NO. 3**

## GENERAL MARITIME LAW NEGLIGENCE

If you decide that defendant ADM was not plaintiff Chedrick Starks' borrowing employer, you must determine whether Starks has stated a valid general maritime claim for negligence against ADM.

To prove negligence under general maritime law, a plaintiff must establish four elements: (1) that the defendant owed the plaintiff a duty; (2) that the duty was breached; (3) that the plaintiff sustained injury; and (4) that there is a causal connection between the defendant's conduct and the plaintiff's injury. I have already determined that Starks has established the first element, which is to say that ADM did owe Starks a duty. As such, I will give you instructions on how to determine if Starks has established the remaining three elements of a general maritime law claim.

**JURY CHARGE NO. 4**

## GENERAL MARITIME BREACH OF DUTY

I have determined that ADM owed Starks what is called a "duty of ordinary care," which means that, under the facts and circumstances of this case, ADM had a duty to prevent foreseeable harm to Starks. To establish that ADM breached this duty, Starks must show that ADM reasonably should have foreseen that Starks' injuries would be a probable result of ADM's acts or omissions.

**JURY CHARGE NO. 5**

**GENERAL MARITIME INJURY / CAUSATION**

To establish causation on his general maritime negligence claim against Defendant ADM, Plaintiff Chedrick Starks must show that ADM's negligence was the "legal cause" of his injuries. "Legal Cause" means that Starks must show more than that his injuries would not have occurred "but for" ADM's negligence. Instead, Starks must show that ADM's negligence was a substantial factor in causing his injuries. There can be more than one substantial factor, that is, the conduct of multiple parties can be substantial factors in causing an accident.

Further, under the general maritime law, an employer is vicariously liable for the actions of its employees committed in the course and scope of the employment.

**JURY CHARGE NO. 6**

**GENERAL MARITIME NEGLIGENCE SUMMARY**

Therefore, if you find that ADM breached the duty it owed Starks and that either ADM or the conduct of ADM's employees was the legal cause of Starks' injuries, you must find ADM negligent under the general maritime law.

**JURY CHARGE NO. 7**

## Contributory Negligence

The Defendant contends that the plaintiff was negligent, and that the plaintiff's negligence caused or contributed to causing various injuries. This is the defense of contributory negligence.

The defendant has the burden of proving that plaintiff was contributorily negligent. If plaintiff was guilty of contributory negligence that contributed to his injury, he nevertheless may recover. However, the amount of his recovery will be reduced by the extent of his contributory negligence. If you find that any defendant was negligent, and that the (negligence) was a proximate (legal) cause of the plaintiff's injury, but you also find that the accident was due partly to the contributory negligence of plaintiff, then you must determine the percentage of plaintiff's contributory negligence which contributed to the accident. You will provide this information by filling in the appropriate blanks in the jury verdict form. Do not make any reduction in the amount of damages that you award to the plaintiff. I will reduce the damages that you award by the percentage of contributory negligence that you assign to the plaintiff.

**JURY CHARGE NO. 8**

## DAMAGES

If you find that ADM is liable, you must award the amount you find by a preponderance of the evidence is full and just compensation for all of Plaintiff Chedrick Starks' damages.

Compensatory damages are not allowed as a punishment against a party. Such damages cannot be based on speculation, because compensatory damages must be actual damages to be recoverable. But compensatory damages are not restricted to out-of-pocket losses of money or lost time. Instead, compensatory damages may include mental and physical aspects of injury, tangible and intangible. Compensatory damages are intended to make Plaintiff Starks whole, or to restore him to the position he would have been in if the accident had not happened.

In determining compensatory damages, you should consider only the following elements, to the extent you find that Plaintiff Starks has established them by a preponderance of the evidence: past and future physical pain and suffering, including physical disability, impairment, and inconvenience, and the effect of Plaintiff Starks' injuries and inconvenience on the normal pursuits and pleasures of life; past and future mental anguish and feelings of economic insecurity caused by disability; income loss in the past; impairment of earning capacity or ability in the future, including impairment of Plaintiff Starks' earning capacity due to his physical condition; past medical expenses and the reasonable value, not exceeding actual cost to Plaintiff Starks, of medical care that you find from the evidence will be reasonably certain to be required in the future as a proximate result of the injury in question.

If you find that Plaintiff Starks is entitled to an award of damages for loss of past or future earnings, there are two particular factors you must consider. First you should consider loss after income taxes; that is you should determine the actual or net income that Plaintiff Starks has lost or will lose, taking into consideration that any past or future earnings would be subject to income taxes. You must award the Plaintiff Starks only his net earnings after tax. This is so because any award you may make here is not subject to income tax. The federal or state government will not tax any amount that you award on this basis.

Second, an amount to cover a future loss of earnings is more valuable to Plaintiff Starks if he received the amount today than if he received the same amount in the future. If you decide to award Plaintiff Starks an amount for lost future earnings, you must discount that amount to present value by considering what return would be realized on a relatively risk free investment and deducting that amount from the gross future earning award.

However, some of these damages, such as mental or physical pain and suffering, are intangible things about which no evidence of value is required. In awarding these damages, you are not determining value, instead determining what amount that will fairly compensate Plaintiff Starks for his injuries.

In this case, the parties have stipulated that $109,213.96 in medical expenses have been paid in connection with plaintiff's November 7, 2013 incident and injuries.

**JURY CHARGE NO. 9**

## Duty to Mitigate

A person who claims damages resulting from the wrongful act of another has a duty under the law to use reasonable diligence to mitigate—to avoid or minimize those damages. If you find any defendant is liable and the plaintiff has suffered damages that the plaintiff may not recover for any item of damage which he could have avoided through reasonable effort. If you find by a preponderance of the evidence that plaintiff unreasonably failed to take advantage of an opportunity to lessen his damages, you should deny him recovery for those damages which he would have avoided had he taken advantage of the opportunity. You are the sole judge of whether a plaintiff acted reasonably in avoiding or minimizing his damages. An injured plaintiff may not sit idly by when presented with an opportunity to reduce his damages. However, he is not required to exercise unreasonable efforts or incur unreasonable expenses in mitigating the damages. A defendant has the burden of proving the damages which the plaintiff could have mitigated. In deciding whether to reduce any plaintiff's damages because of his failure to mitigate, you must weigh all the evidence in light of the particular circumstances of the case, using sound discretion in deciding whether the defendant has satisfied his burden of proving that the plaintiff's conduct was not reasonable.

**JURY CHARGE NO. 10**

## CONCLUSION

It is your sworn duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case, do not hesitate to re-examine your own opinion and change your mind if you become convinced that you are wrong. However, do not give up your honest beliefs solely because the others think differently, or merely to finish the case.

Remember that in a very real way you are the judges—judges of the facts. Your only interest is to seek the truth from the evidence in the case.

I have prepared a special verdict form for your convenience and to aid you in reaching a unanimous decision. You will take the form with you to the jury room. The verdict must represent the considered judgment of each juror. Your verdict must be unanimous on each and every interrogatory you are called on to decide.

When you retire to the jury room to deliberate, you may take with you these instructions and the exhibits that the Court has admitted into evidence. Select your Foreperson and conduct your deliberations. You must not communicate with or provide any information to anyone, by any means, about this case. you may not use any electronic device or media, such as a telephone, cell phone, iPad or computer; the internet OR any text or instant messaging service; or any SOCIAL MEDIA SUCH AS FACEBOOK, to communicate to anyone any information about this case or to conduct any research about this case, until AFTER I accept your verdict.

If you recess during your deliberations, follow all instructions that the court has given you about your conduct during the trial. After you have reached your unanimous verdict, your Foreperson must fill in your answers to the written questions on the jury verdict form and sign and date the form. Return these charges together with your written answers to the questions. Unless I direct you otherwise, do not reveal your answers until such time as you are discharged. You must never disclose to anyone, not even to me, your numerical division on any question DURING DELIBERATIONS.

If you want to communicate with me at any time, please give a written message to the bailiff, who will bring it to me. I will then respond as promptly as possible either in writing or by meeting with you in the courtroom. I will always first show the attorneys your question and my response before I answer your question.

After you have reached a verdict, you are not required to talk with anyone about the case. You may now retire to the jury room to conduct your deliberations.