**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **CHEDRICK STARKS,**<br>**Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO. 14-1592** |
| **ADVANTAGE STAFFING, LLC, ET AL.,**<br>**Defendants** | **SECTION: "E" (5)** |

# FINAL JUDGMENT

BE IT REMEMBERED that on the 29th day of August, 2016 through the 1st day of September, 2016, came on to be heard the above-entitled and numbered cause for trial, with due and proper notice to all parties, and came Plaintiff Chedrick Starks ("Plaintiff"), by and through his attorneys of record, and announced ready for trial, and came Defendant Archer-Daniels-Midland Company ("ADM"), by and through its attorneys of record, and announced ready for trial.

A jury of eight (8) good and lawful citizens of this District was duly qualified, selected, impaneled, and sworn. On August 29, 2016, the case proceeded to trial and the parties presented their evidence. After the conclusion of the evidence, the Court submitted its instructions and verdict form to the jury. The jury returned and announced its verdict in open court in the presence of the parties and their counsel. The verdict was unanimous. The charge of the Court and the verdict of the jury are incorporated herein for all purposes by reference.

In response to **Question No. 1**, the jury answered "No" to the question of whether "On November 7, 2013, based upon the preponderance of the evidence was Plaintiff, Chedrick Starks the borrowed servant of Defendant ADM".

In response to **Question No. 2 (A)**, the jury found that "by a preponderance of the evidence that the negligence of" both Plaintiff and ADM "was, in whole or in part, a legal cause of the injuries sustained by Plaintiff on November 7, 2013."

In response to **Question No. 2 (B),** the jury assigned 50% of the responsibility to Plaintiff and 50% of the responsibility to ADM for causing or contributing to Plaintiff's injuries.

In response to **Question No. 3 (a-g)**, the jury award damages to the Plaintiff as follows:

a. $109,213.96 for paid medical expenses and an additional $16,000.00 for unpaid medical expenses

b. $150,000.00 for medical care that, in reasonable probability, Plaintiff, will incur in the future;

c. $39,500.00 for income loss in the past;

d. $10,000.00 for loss of earning capacity that, in reasonable probability, Plaintiff will incur in the future;

e. $50,000.00 for physical pain and suffering and mental anguish sustained in the past;

f. $0.00 for physical pain and suffering and mental anguish that, in reasonable probability, Plaintiff will sustain in the future; and

g. $0.00 for disability and loss of function.

Based on the pleadings, the evidence, the jury verdict, and the stipulations of the parties, the Court finds that Plaintiff is entitled to recover against Defendant ADM. The total award of $374,713.96 is to be reduced by $109,213.96, the amount of past medical

expenses already paid by Defendant ADM. The remaining $265,500 is further reduced by Plaintiff's fifty percent contributory negligence.

It is therefore, **ORDERED, ADJUDGED,** and **DECREED** that Plaintiff have and recover the sum of **$132,750.00.**

**IT IS FURTHER ORDERED** that Plaintiff is awarded pre-judgment interest at the rate per annum set by the Louisiana Commissioner of Financial Institutions from November 7, 2013 until this date.[1]

**IT IS FURTHER ORDERED** that Plaintiff is awarded post-judgment interest at the federal interest rate from the date of this judgment until paid.

**IT IS FURTHER ORDERED** all costs of court spent or incurred in this cause are adjudged against Defendant ADM. Plaintiff shall submit a bill of costs in accordance with the Federal Rules of Civil Procedure and the Local Rules for the Eastern District of Louisiana within fourteen (14) days of entry of this judgment. All writs and processes for the enforcement and collection of this judgment or the costs of court may issue as necessary.

**SIGNED** this 16th day of September, 2016.

Susie Morgan ____________________________
Honorable Susie Morgan
United States District Judge

[1] "Prejudgment interest is compensation allowed by law as additional damages for lost use of the money due as damages during the lapse of time between the accrual of the claim and the date of judgment." *Jauch v. Nautical Services, Inc.*, 470 F.3d 207, 215 (5th Cir. 2006). "[I]t is generally accepted that, under maritime law, the award of prejudgment interest is 'well-nigh automatic.'" *Id*. at 215. Admiralty courts "may look to state law and other reasonable guideposts" to determine the rate of prejudgment interest. *Todd Shipyard Corp. v. Auto Transp., S.A.*, 763 F.2d 745, 753 (5th Cir. 1985). Pursuant to La. R.S. 13:4202(B)(1) the Louisiana Commissioner of Financial Institutions sets the judicial interest rate in Louisiana on a yearly basis.