UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHEDRICK STARKS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 14-1592** |
| **ADVANTAGE STAFFING, LLC, et al** | **SECTION "E" (5)** |

**ORDER AND REASONS**

Before the Court is Plaintiff's motion to for additur or, in the alternative, motion for a new trial.[1] The motion is opposed.[2]

The Plaintiff argues an additur or a new trial is warranted because the jury awarded the Plaintiff future medical expenses, but did not award him damages for future pain and suffering.[3]

I.  Motion for Additur

The Plaintiff argues the Court should grant him additional damages—an additur—for future pain and suffering damages.[4] The Seventh Amendment, however, prohibits courts from using additur to increase the damages awarded by the jury.[5] There is a limited exception to this prohibition where "the jury has properly determined liability and there is no valid dispute as to the amount of damages."[6] "[This] exception applies only where the amount of damages has been conclusively established as a matter of law."[7] This exception does not apply to this case, and the Plaintiff's motion for additur is denied.

---

[1] R. Doc. 157.
[2] R. Doc. 165.
[3] R. Doc. 157-1.
[4] *Id.*
[5] *Jones v. Bratton*, 39 F.3d 320 (5th Cir. 1994) (per curiam); *Gasperini v. Ctr. for Humanities*, 518 U.S. 415, 433 (1996).
[6] *Roman v. Western Mfg., Inc.*, 691 F.3d 686, 702 (5th Cir. 2012).
[7] *Matheny v. Chavez*, 593 Fed. App'x 306, 309 (5th Cir. 2014).

II.    Motion for New Trial

Pursuant to Federal Rule of Civil Procedure 59(a)(1)(A), a court may grant a motion for a new trial if the court finds the verdict is against the weight of the evidence, the damages awarded are excessive or inadequate, the trial was unfair, or prejudicial error was committed.[8] The grounds for granting a new trial must be that the verdict is against the *weight* of the evidence, not merely the preponderance of the evidence.[9] "Courts do not grant new trials unless it is reasonably clear that prejudicial error has crept into the record or that substantial justice has not been done, and the burden of showing harmful error rests on the party seeking a new trial."[10] A district court should not grant a new trial if the jury's verdict is "clearly within the universe of possible awards which are supported by the evidence."[11]

The Plaintiff brought this lawsuit against Defendants on the theory of negligence under general maritime law for personal injuries sustained as a result of a piece of equipment breaking free and striking the Plaintiff. As a result of the incident, the Plaintiff underwent multiple surgeries on his arm. The jury returned a verdict stating the Defendants were 50% liable and the Plaintiff was 50% liable for those injuries.[12] The parties stipulated to $109, 213.96 for past medical expenses.[13] The jury then awarded the Plaintiff $16,000 for unpaid past medical expenses, $50,000 for past pain and suffering,

---

[8] *See Lucas v. Am. Mfg. Co.*, 630 F.2d 291, 293 (5th Cir. 1980); *Smith v. Transworld Drilling Co.*, 773 F.2d 610, 613 (5th Cir. 1985).
[9] *Pagan v. Shoney's, Inc.*, 931 F.2d 334, 337 (5th Cir. 1991).
[10] *Peralta v. Epic Diving and Marine Servs., LLC*, No. 10-4322, 2012 WL 3815634, at *1 (E.D. La. Sept. 4, 2012) (quoting *Del Rio Dist., Inc. v. Adolph Coors, Co.*, 589 F.2d 176, 179 n.3 (5th Cir. 1979)).
[11] *Brun-Jacobo v. Pan Am. World Airways, Inc.*, 847 F.2d 242, 246 (5th Cir. 1988).
[12] R. Doc. 148 at 2.
[13] R. Doc. 104.

and $150,000 for future medical expenses.[14] The jury entered zero as the award for future physical pain and suffering and mental anguish.[15]

The Defendants argue the jury's verdict is proper because there was evidence presented to the jury that provide a basis for not awarding damages for future pain and suffering.[16] The Defendants argue this case is similar to *Dietz v. Garske*, where the Fifth Circuit affirmed the trial court's denial of a new trial on damages because there was evidence on which jurors could rely that the plaintiff would not have future pain.[17] The plaintiff in *Dietz* suffered whiplash after an automobile accident, and the jury heard testimony that she could "live with pain without surgery."[18] The independent medical examiner concluded that surgery was not necessary because future pain "could be controlled with very minimal follow-up care, including medications, exercise, or physical therapy."[19]

Courts have held that it is "inconceivable" that a jury could find for past and future medical expenses and past pain and suffering, but not for future pain and suffering.[20] The failure to award damages for future pain and suffering, however, does not automatically require a new trial. *Wiltz v. Welch*, a recent Fifth Circuit opinion, explains the following:

> [T]he demarcation line for these cases is whether the plaintiff has proven objective injuries that require medical care. If a plaintiff establishes objective injuries, then a jury's failure to award damages for pain and suffering is an abuse of discretion. But if a plaintiff fails to prove objective injuries and instead incurs medical expenses for evaluative or precautionary

---

[14] *Id.* The jury also awarded the Plaintiff $39,500 for lost income and $10,000 for loss of future earning capacity. *Id.*
[15] *Id.*
[16] R. Doc. 165.
[17] 406 Fed. App'x 863, 866 (5th Cir. 2010).
[18] *Id.* at 865.
[19] *Id.*
[20] *See Yarbrough v. Sturm, Ruger & Co.*, 964 F.2d 376, 379 (5th Cir. 1992).

> purposes, then a jury's award of special damages but no general damages is not an abuse of discretion.[21]

In *Wiltz*, the Fifth Circuit found that the jury did not abuse its discretion by failing to award Wiltz general damages because "there was insufficient evidence to conclude that his collision with Welch resulted in compensable pain and suffering and that his medical care was something more than evaluative or precautionary in nature."[22]

Unlike the plaintiff in *Dietz* and *Wiltz*, the Plaintiff in this case underwent multiple surgeries for injuries to his wrist and elbow, which necessarily cause pain and suffering. The Plaintiff provided testimony that he continues to have muscle spasms and is unable to complete household chores because of pain in his wrist. Dr. Fenn, the Plaintiff's treating physician, provided testimony that the Plaintiff will require pain medication in the future. Dr. Cowen, the Plaintiff's life care planner, testified the Plaintiff will experience chronic pain in his left wrist, and this chronic pain could have behavioral side effects, such as depression and anxiety. Dr. Gidman, an independent medical examiner, opined the Plaintiff will need to see a hand surgeon one or two times per year for approximately two more years, and the Plaintiff will likely need to continue taking pain medication for another year. The Court therefore finds there is no evidentiary basis for the jury's award of "$0" for future pain and suffering because the Plaintiff has proven objective injuries that require medical care.[23]

---

[21] *Wiltz v. Welch*, 651 Fed. App'x 270, 273 (5th Cir. 2016).
[22] *Id.*
[23] The Plaintiff does not argue that the jury's verdict was a "compromise verdict." "A compromise verdict occurs when a jury which is unable agree on liability compromises that disagreement and awards inadequate damages." *Rogers v. McDorman*, 521 F.3d 381, 396–97 (5th Cir. 2008). The Court examines the totality of the circumstances to determine whether the jury reached a compromise verdict, considering "any indicia of compromise apparent from the record . . . and other factors which may have caused the jury to return a verdict for inadequate damages." *Pagan*, 931 F.2d at 339. But an inadequate finding of damages alone "does not automatically mandate the conclusion that a compromise verdict produced the award." *Id.* The Plaintiff does not point to any other action besides the jury's inconsistent verdict to suggest a

Accordingly, a new trial is warranted on the issue of damages for the Plaintiff's injuries. "On retrial, questions of both general and special damages should be submitted to the jury, and the jury should be instructed that if it awards no general damages, it may not award any special damages."[24]

Accordingly;

**IT IS ORDERED** that the Plaintiff's motion for additur is **DENIED.**

**IT IS FURTHER ORDERED** that the Plaintiff's motion for a new trial on general and special damages[25] is **GRANTED**.

**New Orleans, Louisiana, this 14th day of November, 2016.**

*Susie Morgan*
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

compromise verdict. Accordingly, the Court does not find that the jury's award of "$0" was a result of a compromise verdict.

[24] *Pagan*, 931 F. at 337–38. In this case the parties' stipulated to the damages for past medical expenses that had already been paid in the amount of $109,213.96.

[25] R. Doc. 157.